UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ENCOMPASS INSURANCE CO.,

    Plaintiff,

    v.

ROBERT R. CALLAN, et al.,

    Defendants.

_____/

No. C 11-2821 PJH

**ORDER DENYING MOTION TO DISMISS; ORDER STAYING CASE FOR 60 DAYS**

    Before the court is defendants' motion to dismiss or stay this declaratory relief action pending resolution of the underlying state court construction defect action as to which plaintiff Encompass Insurance Company seeks a determination of coverage in the present action.

    The Declaratory Judgment Act, 28 U.S.C. § 2201, confers on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. Wilton v. Seven Falls Co., 515 U.S. 277, 286-88 (1995). The district court may decline to exercise the remedial power conferred under the Declaratory Judgment Act, even though subject matter jurisdiction otherwise exists. Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp., 642 F.3d 849, 852-53 (9th Cir. 2011).

    Nevertheless, this discretion is not unlimited. Government Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc). Guidance on whether to dismiss or stay an insurance coverage action pending resolution of an underlying state court action is provided by Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942). In Brillhart, the Court stated that it would ordinarily be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state

court presenting the same issues, not governed by federal law, between the same parties." Id., 316 U.S. at 495.

Brillhart set forth a nonexhaustive list of factors to be considered in determining whether to stay or dismiss a federal court Declaratory Judgment Act case. Among these are (1) whether retaining jurisdiction will involve the court in a needless decision of state law, (2) whether the request is a means of forum shopping, and (3) whether dismissal of the claim for declaratory relief would avoid duplicative litigation. See id. at 494-98; see also Smith v. Lenches, 263 F.3d 972, 977 (9th Cir. 2001). The district court must record its reasoning on those factors. Dizol, 133 F.3d at 1225. The existence of an action in state court does not automatically bar a request for federal declaratory relief, and there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically. Id.

Here, the court finds that neither dismissal nor a stay pending resolution of the underlying action are warranted under the Brillhart factors. First, this case is unlikely to involve needless determination of state law issues. This factor relates primarily to complex determinations of unsettled issues of state law – not to fact-finding in the specific case. See Continental Casualty Co. v. Robsac Indus., 947 F.2d 1367, 1371 (9th Cir. 1991), overruled on other grounds by Dizol, 133 F.3d at 1226.

It is true, as defendants argue, that this action presents state-law issues involving insurance coverage. However, any determinations of state law in this case will be completely separate from those in the underlying liability action, where the plaintiffs have asserted causes of action for rescission, products liability, breach of contract, breach of warranty, negligence, and misrepresentation. Furthermore, it does not appear that the issues in this coverage action are particularly complex or novel.

Second, there is no evidence of forum-shopping. According to the Ninth Circuit, this factor is designed to discourage an insurer from "filing a federal court declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action." American Cas. Co. of Reading, Penn. v. Krieger, 181 F.3d 1113, 1119 (9th

Cir. 1999). Encompass is not a party to the underlying state court action, and the mere fact that Encompass chose to file its declaratory judgment action in federal court, rather than in state court, is insufficient to demonstrate forum shopping.

Third, the present action is not duplicative of the state court case. In the underlying action, Briones seeks to hold the Callans and their related entities liable for defects and other problems with the home she purchased from them. In the coverage action, Encompass seeks a determination of its obligations under the policies it issued the Callans – whether the allegations give rise to a duty to defend and indemnify. The state court action does not involve Encompass as a party, and also does not involve the issue of Encompass' obligations under the policies, as the state court is not being asked to determine whether Encompass has a duty to defend or indemnify the Callans.

Accordingly, the motion to dismiss/stay is DENIED. The court will, however, stay the case for 60 days to allow the parties to complete the upcoming mediation. If the mediation does not result in a global settlement, or at a minimum, a settlement of the state court action, this case will proceed at the end of the 60-day period.

The July 11, 2012 hearing date is VACATED.[1]

**IT IS SO ORDERED.**

Dated: July 2, 2012

PHYLLIS J. HAMILTON
United States District Judge

---

[1] The court finds this motion appropriate for decision without oral argument. See Civ. L.R. 7-6.